### CANTRELL & COCHRANE, Limited, v. WITTEMANN et al.

#### (Circuit Court, S. D. New York. August 15, 1910.)

INJUNCTION (§ 228*)—VIOLATION—LABELS.

> Complainant obtained an injunction against defendants W. restraining the infringement of ginger ale labels; defendants being sued as a partnership. After the final decree and the injunction was issued and served, the partnership was dissolved and a corporation formed, which took over all the assets and liabilities of the firm. Defendant R. had actively managed the business of the partnership, but after the corporation was formed, though a director, he had only 200 of the corporation's 1,000 shares of stock, and had nothing to do with the manufacturing or selling end of the business, and did not know of the label complained of as a violation of the injunction as having been made by the corporation. *Held*, that defendant R. was not guilty of contempt by the corporation's use of the alleged infringing label.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 491; Dec. Dig. § 228.*]

Action by Cantrell & Cochrane, Limited, against Jacob F. Wittemann and others as partners, under the firm name of the Wittemann Lithographic Company. On motion to punish Rudolph A. Wittemann for contempt. Denied.

Wetmore & Jenner, for complainant.
Straley, Hasbrouck & Schloeder, for defendant.

LACOMBE, Circuit Judge. The suit was begun in 1903 to restrain defendants from selling and offering for sale labels for ginger ale bottles which so closely resembled complainant's well-known labels as to be likely to deceive purchasers of ginger ale. It was contended by defendants that a label similar to complainant's had been used by domestic ginger ale manufacturers before the introduction of defendant's. Testimony was taken and complainant so fully established the priority of its label that defendants abandoned their defense, and consented to the entry of a final decree which enjoined them from designing, manufacturing, selling, or offering for sale "any label or labels so closely resembling the label of complainant as to be likely to deceive purchasers of ginger ale, or any label containing the characteristic and distinguishing features of complainant's label and particularly the labels, a specimen of which is attached to the decree."

The label now complained of has some points of difference from

---

the one which defendants were selling when this injunction was issued, although upon inspection and comparison with complainant's it presents so close a resemblance that one unfamiliar with the conditions of the trade and uninformed by proof might very well reach the conclusion that it is "likely to deceive purchasers of ginger ale" and so within the prohibition of the injunction. But it will not be necessary now to decide any questions raised as to similarity or disimilarity of these labels, for the reason that the defendant who is now before the court has a sufficient defense to this particular motion. Rudolph A. Wittemann is the only defendant who has been served with the order to show cause; Jacob F. Wittemann being at present in Europe.

As has been stated, the suit was brought against two partners doing business under a firm name. Since the final decree was entered and injunction issued and served, this partnership was dissolved (July, 1908), and at the same time the corporation of Wittemann Bros. was formed, and all the business assets and liabilities of the partnership were assigned to the corporation. While the partnership continued, Rudolph A. Witteman was the active manager of the business, but, when the corporation was formed, he was, as he swears, "stripped of all authority and of all participation in the active management of the business." He has had nothing to do with the manufacturing or the selling end of the business, and, until the papers on this motion were served upon him, he did not know that the label now complained of had been made by the company. There are only three stockholders of the company and articles of incorporation require that there shall be three directors. Therefore, he has been, and now is, a director, but out of the 1,000 shares of stock, which have been issued, he holds only 200. He has only attended two meetings of the board of directors since the organization of the company was completed.

Under these circumstances, he cannot be held to have violated this injunction merely because the corporation has made and sold labels which may fall within its prohibition.

The motion is denied.